CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2007

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BLAS RODRIGUEZ CASTILLO,<br>　　Plaintiff, | Civil Action No. 7:07-cv-00470 |
| v. | MEMORANDUM OPINION |
| B. T. MICHAEL, et. al.,<br>　　Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Blas Rodriguez Castillo, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Castillo alleges that after he was maced and physically assaulted by officers at the Northwestern Virginia Adult Detention Center (NVADC), he was denied access to a clean shower facility in which to wash the mace and blood from his body. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

## I

Castillo has filed a separate civil action concerning his claims that officers at the NVADC used excessive force against him on August 1, 2007. See Case No. 7:07CV00464. Therefore, the court will summarize only those facts relevant to his claims in this action, concerning denial of access to a shower; the facts appear in his original complaint in this action and in an affidavit submitted and docketed in the other action as Document 7.

Castillo alleges that the officers sprayed mace in his face and, in handcuffing him, brought

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

him, face down, to the floor with such force that his nose bled profusely. He also alleges that he suffered other wounds of some kind to his face, back, and knees. Officers took him to the medical unit, where a nurse eventually tended to all of these injuries to some degree. While Castillo was in the medical unit, officers took him to a shower area. About this time, however, Castillo saw an officer taking photographs of one of his alleged assailants. Castillo demanded that photographs also be taken of his wounds before he showered or received any further medical treatment. An officer photographed the injuries.

Castillo was then given additional medical attention and escorted to a cell in a block that was undergoing maintenance. Castillo claims that the shower in this block had been stripped of paint, "exposing grime, filth, funguses [sic]." For three days, he refused to shower in this facility and begged to be taken elsewhere to shower; officers refused his requests. Finally, he took a shower in the unpainted, dirty facility "with paint chips everywhere," thus "subject[ing his] open wounds to infections." Thereafter, his wounds "itched and hurt badly." He also alleges that he had mace on his face for three days.

## II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2)

that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff must show that, at a minimum, he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

Castillo's allegations about being housed in the unit with the unpainted shower for three days simply do not rise to constitutional proportions. First, Castillo had an opportunity to take a shower before he left the medical unit; only his own stubborn insistence on getting photographed prevented him from washing the mace off his body in a timely manner. Similarly, he could have used the unpainted shower to wash off the mace at any time during the three day period. If he suffered for days and days from the mace, that was his choice, and he has only himself to blame. Second, he does not allege facts indicating that use of the unpainted shower caused his wounds to become infected or caused him any serious or significant injury whatsoever. At the most, he alleges that his wounds itched and hurt after the shower----as do most wounds during the natural healing process. As Castillo thus fails to meet the objective element of the Wilson v. Seiter test, he fails to state any constitutional claim concerning shower conditions. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1).[2] An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

---

[2] By separate order, the court will direct the clerk to attempt service of process of the complaint Castillo filed in Case No. 7:07CV00464, alleging use of excessive force by jail officials.

3

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of November, 2007.

*James C. Turk*
Senior United States District Judge